IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS WORKMAN,

    Petitioner,

v.                                                                                                                             No. 23-mc-30 MIS/GBW

UNITED STATES POSTAL SERVICE, *et al.*,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me on Petitioner's Verified Petition to Perpetuate Testimony (the "Petition") (*doc. 1*) pursuant to the Honorable Margaret Strickland's Order of Reference (*doc. 3*), referring this case to me for analysis, findings of fact, evidentiary hearings if warranted, and recommendations for its ultimate disposition. Having reviewed the relevant briefing, *docs. 9, 10, 15, 16, 18,* and being otherwise fully informed, I RECOMMEND that the Court deny the Petition.

    I.       Factual and Procedural Background

Petitioner filed his Verified Petition to Perpetuate Testimony pursuant to Fed. R. Civ. P. 27 on September 7, 2023. *Doc. 1.* Petitioner states that he is the owner of property which contained a residence and a structure that was leased to the United States Postal Service ("USPS") and used as a post office. *Id.* at 2. On February 14, 2023, a fire occurred which destroyed both the residence and the post office and allegedly

resulted in damages to Petitioner in excess of one million dollars. *Id.* at 2, 4. Petitioner now requests that the Court grant him permission to depose four individuals who formerly worked at the post office located on Petitioner's property. *Id.* at 7-9. Three of these individuals, Jasmine Martinez, Rufina Sanchez (also known as Perla Sanchez), and Yvonne Thompson, reportedly still work for USPS, *see doc. 9* at 1, while one of them, Gilbert Candelaria, is no longer employed by USPS, *see doc. 10* at 1. Initially, Petitioner also requested permission to depose Robert Salas, a fire marshal for Santa Fe County, but Petitioner withdrew this request on November 30, 2023. *Doc. 13*.

On November 13, 2023, Respondents United States Postal Service and Gilbert Candelaria each filed a Response to the Petition. *See docs. 9, 10*. Both Respondents argue that the Petition does not meet the requirements to perpetuate testimony set forth by the Federal Rules. *Doc. 9* at 3-6; *doc. 10* at 1. Respondent USPS further argues that Petitioner has not followed the law regarding requesting testimony from federal employees outside of a lawsuit. *Doc. 9* at 6-11. On November 16, 2023, I ordered Petitioner to file a reply, which he did on December 14, 2023. *See doc. 16*. Also on December 14, 2023, Petitioner filed an Amended Verified Petition to Perpetuate Testimony. *Doc. 15*. Petitioner asked the Court to set a hearing in this matter on

December 20, 2023.  *Doc. 17*.  On December 28, 2023, Respondent USPS filed a response to Petitioner's Amended Petition.[1]  *Doc. 18*.

## II.    LEGAL STANDARD

A petition to perpetuate testimony is a request to depose individuals before a lawsuit has been filed.  Under Rule 27 of the Federal Rules of Civil Procedure, a petition must show:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
> (B) the subject matter of the expected action and the petitioner's interest;
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1)(A)-(E).  If the court is "satisfied that perpetuating testimony may prevent a failure or delay of justice," the court shall issue an order permitting the depositions.  Fed. R. Civ. P. 27(a)(3).

Importantly, "Rule 27 is not a substitute for discovery."  *Ash v. Court*, 512 F.2d 909, 912 (3d Cir. 1975).  Indeed, a petition under Rule 27 is not an opportunity to conduct pre-suit discovery in order "to determine whether a cause of action exists[,]

---

[1] Petitioner's reply was due on January 11, 2024, but no reply was filed.  On January 9, 2024, Petitioner filed a Notice of Intent to File a Reply to United States of America's Response to Petitioner's Amended Verified Petition (*doc. 19*), but he did not move the Court to extend his deadline in which to reply.  To the extent that Petitioner wishes to make additional arguments, he may include them in his objections to these Proposed Findings and Recommended Disposition.

3

and, if so, against whom action should be instituted." *Matter of Youngers*, 2022 WL 16948763, at *1 (D.N.M. 2002) (quoting *Petition of Guernsey*, 223 F. Supp. 359, 360 (D.D.C. 1963)); *see also Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 485 (4th Cir. 1999) (holding that Rule 27 is not "designed as a means of ascertaining facts for drafting a complaint") (citations omitted). Instead, Rule 27 is only available to petitioners "in special circumstances to preserve testimony which could otherwise be lost." *Ash*, 512 F.2d at 912. Although there is no explicit test for determining whether testimony is liable to be lost, a "general allegation that a witness' memory may deteriorate is not sufficient to satisfy Rule 27's requirement for a petitioner to demonstrate an immediate need to perpetuate testimony." *Matter of Youngers*, 2022 WL 16948763, at *2 (citing *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995)).

    III.    ANALYSIS

**A. The Court Should Not Consider Petitioner's Amended Petition**

As a preliminary matter, I recommend that the Court base its findings on Petitioners original Verified Petition (*doc. 1*) rather than his Amended Verified Petition (*doc. 15*). Petitioner states that the Court should permit him to file an amended petition because "Rule 15(a) provides that a party is permitted to file an amended pleading once as a matter of course." *Doc. 15* at 9. As he does elsewhere, Petitioner is conflating the Federal Rules of Civil Procedure. Rule 15 applies to pleadings brought pursuant to

Rules 3 and 12, not to petitions brought pursuant to Rule 27.  Petitioner provides no authority in either the Federal Rules or the case law for the premise that a petitioner may amend his Rule 27 petition.  *See generally doc. 15*.

Even if the Court chooses to consider it, the Amended Verified Petition does not correct any of the problems found in the original petition and should still be denied for the same reasons I provide for denying the original petition.  That is, the Amended Verified Petition does not provide an adequate reason for why Petitioner cannot bring a lawsuit presently, it does not show that the testimony he seeks is at risk of being lost, and it does not indicate that Petitioner has complied with the relevant *Touhy* regulations.  *Id.*

### B. The Petition Does Not Meet the Requirements of Rule 27

Respondents USPS and Candelaria argue that the Petition fails to meet the requirements of Rule 27.  *Doc. 9* at 3-6; *doc. 10* at 1.  In particular, Respondents argue that Petitioner has not shown that he is unable to bring an action cognizable in a United States court at the present time.  *Doc. 9* at 3-6.  Respondents further argue that Petitioner has not sufficiently shown that there is a risk that the testimony Petitioner seeks will be lost if not taken immediately.  *Id.*  Petitioner contests both of these arguments.  *Doc. 16* at 4, 6-10.  Based on my review of the Petition, I concur with Respondents that Petitioner is unable to meet either legal requirement.

Petitioner provides no reasonable explanation, in accordance with Rule 27(a)(1)(A), for why he is unable to bring his lawsuit now and avoid taking pre-trial depositions.  Petitioner's only explanation for why he is "presently unable to bring" the lawsuit is that the "ongoing investigation into the cause and origination of the fire[,] those who may be responsible parties for the fire and consequent damage[,] and the manner in which USPS operated the facility" is "incomplete."  *Doc. 1* at 5-6.  However, information regarding the cause and circumstances of the fire is precisely the kind of information that should be sought during the discovery phase of a lawsuit.  As noted, a Rule 27 petition is not a "substitute" for discovery, *Ash*, 512 F.2d at 912, and it may not be used to determine whether Petitioner has a viable claim against Respondents, *Matter of Youngers*, 2022 WL 16948763, at *1.

In his Reply, Petitioner argues that because his Petition is akin to a complaint and the Responses are akin to motions to dismiss, "all allegations of the Verified Petition," including Petitioner's statement that he is unable to bring a lawsuit at this time, "must be taken as true and in the light most favorable to the non-moving party" in accordance with the standard for adjudicating a motion to dismiss.  *Doc. 16* at 4.  Again, Petitioner is conflating the Federal Rules of Civil Procedure.[2]  The motion to dismiss standard

---

[2] Petitioner has also misstated the standard for a motion to dismiss.  A court is not required to accept every conclusory statement made in a pleading as true, and a pleading "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (citations omitted).

6

applies to pleadings brought pursuant to Federal Rules 3 and 12. A Rule 27 petition is not a complaint under Rule 3, and any responses to that petition are not motions to dismiss under Rule 12(b)(6). The relevant legal standard for a Rule 27 petition is found in the text of Rule 27 as well as the case law interpreting Rule 27, and Petitioner is unable to show that he meets those legal requirements.

Petitioner fails to provide sufficient reasons, pursuant to Rule 27(a)(1)(C), for why he needs to perpetuate this testimony. Specifically, Petitioner fails to show that the testimony that he seeks in his Petition will be lost if it is not taken immediately. *Ash*, 512 F.2d at 912. Courts have found that testimony is likely to be lost when the deponents are at risk of imminent death or are expected to leave the country. *See In re Lopez*, 2010 WL 2802541, at *1 (D. Colo. July 15, 2010) (collecting cases); *see also Matter of Youngers*, 2022 WL 16948763, at *4 (granting a petition to perpetuate testimony in part because the deponents were likely to be deported out of the United States before the petitioner could depose them in a lawsuit). Petitioner states that the purpose of his Petition is to "establish facts as to the origin and possible causes of the fire" and to "be[] able to seek relief against all responsible parties . . . with a good-faith evidentiary basis." *Doc. 1* at 6. The ability to collect information and to seek relief against responsible parties are the purposes of every lawsuit and certainly do not qualify as "special

7

circumstances to preserve testimony which could otherwise be lost."³  *Ash*, 512 F.2d at 912.  In the Reply, Petitioner again argues that the Court should assume as true Petitioner's claim that the testimony is in danger of being lost because the parties' instant dispute is akin to a motion to dismiss.  *Doc. 16* at 4-5.  As before, however, the motion to dismiss standard is not relevant here.

Because Petitioner fails to provide adequate reasons for why he is unable to bring a lawsuit against Respondents at this time or for why the testimony he seeks is at risk of being lost, Petitioner has not met the requirements to perpetuate testimony under Rule 27.

## C. Petitioner Failed to Comply with the Relevant *Touhy* Regulations

Although the Court may deny the Petition solely on the bases provided above, I also find that the Petition can be denied with respect to the Respondents who are

---

³ Petitioner's Amended Verified Petition contains additional reasons for why the testimony is at risk of being lost if not taken immediately.  Although I recommend that the Court decline to consider the amended petition, I note that Petitioner's additional reasons are still inadequate to meet the requirements under Rule 27.  First, Petitioner implies that because two of the potential deponents have been transferred to a post office in another city in New Mexico and that time has passed since the event, these deponents may forget the circumstances surrounding the fire.  *Doc. 15* at 9.  However, Petitioner may not rely on a "general allegation that a witness' memory may deteriorate" when bringing a Rule 27 petition.  *Matter of Youngers*, 2022 WL 16948763, at *2 (citing *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995)).  Indeed, because all lawsuits are subject to the risk that deponents will forget the events in question, the passage of time is not a "special circumstance" that warrants a Rule 27 petition.  *Ash*, 512 F.2d at 912.  Petitioner also argues that the physical evidence at the site of the fire is at risk of being lost because the county is "demanding" that Petitioner clean up the site.  *Doc. 15* at 9.  This argument fails because Petitioner owns the property.  He may collect as much evidence from the site as he would like without a Rule 27 petition.  *Compare Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55-56 (9th Cir. 1961) (upholding the lower court's grant of a petition to perpetuate testimony because the petitioners sought to collect physical evidence on a property that they did not own and that was at a high risk of being lost).

federal employees on the basis that Petitioner has failed to comply with the relevant *Touhy* regulations.[4]  Under 39 C.F.R. § 265.12, an individual who wishes to obtain "information or records acquired or produced by [an employee of USPS] in the course of his or her official duties" must submit a formal request for the information to the agency in compliance with the procedural requirements set forth in 39 C.F.R. § 265.12(c).  Respondent USPS indicates that Petitioner has not complied with the *Touhy* regulations, *see doc. 9* at 9-10, and Petitioner does not contest this allegation, *see doc. 1* at 10, *doc. 16* at 11-13.

Admittedly, these regulations do not apply if the testimony is sought as part of a "legal proceeding in which the United States is a party." 39 C.F.R. § 265.12(a)(3)(i). Petitioner argues that his Rule 27 petition falls within this exception. *See doc. 1* at 9-10; *doc. 16* at 12-16.  Petitioner cites *Socha v. Pollard*, 621 F.3d 667, 671 (7th Cir. 2010) as authority for the contention that a Rule 27 petition is a "proceeding." *Doc. 16* at 12. Indeed, the *Touhy* regulations define "legal proceeding" as "a proceeding before an adjudicative authority" which likely covers a Rule 27 petition before the Court. 39 C.F.R. § 265.12(b)(5)(i).  This conclusion, however, does not end the inquiry.  Even assuming the Rule 27 petition is a legal proceeding, is it a "legal proceeding **in which the United States is a party**?"  Although "party" is not defined in the *Touhy*

---

[4] Regulations which set forth requirements for obtaining information and testimony from federal agencies are named *Touhy* regulations after *U.S. ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951) in which the Supreme Court found such regulations to be lawful under the relevant statute.

regulations, the common usage of "party" refers to an entity that is a part of a legal action brought pursuant to Federal Rule of Civil Procedure 3.  For example, the word "party" is used throughout the Federal Rules to describe the individuals involved in a legal action filed pursuant to Federal Rules 1-3.  *See, e.g.*, Fed. R. Civ. P. 12.  By contrast, Rule 27 uses the word "person(s)" to describe the individuals involved in a Rule 27 petition proceeding.  *See* Fed. R. Civ. P. 27(a)(1).  Further, Rule 27 states that a petition to perpetuate testimony may be brought by a "person" who "*expects to be a party* to an action" against "persons . . . whom the petitioner *expects to be adverse parties.*"  Fed. R. Civ. P. 27(a)(1) (emphasis added).  This language indicates that the drafters of the rules did not intend for either a petitioner or a respondent in a Rule 27 petition to be considered a "party" until an action is filed under Federal Rule 3.  As a result, the United States is not a "party" to the instant proceeding and the exemption to the *Touhy* regulations does not apply to Petitioner's request for testimony.

The purpose of the *Touhy* regulations also belies Petitioner's argument that these regulations do not apply to a Rule 27 petition.  The *Touhy* regulations are designed "to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement in controversial matters unrelated to official business."  *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989).  The regulations thus shield federal employees from a constant inundation of requests for information and testimony in order to protect employee time as well as taxpayer money.  If Rule 27

petitions were exempt from the *Touhy* regulations, individuals could simply file a Rule 27 petition every time they wanted information from particular government employees and circumvent the entire purpose of the regulations.

Because a Rule 27 petition is not a proceeding in which the United States is a party, Petitioner cannot use a Rule 27 petition to circumvent the *Touhy* regulations. As he has not complied with those regulations, the Petition should be denied with respect to the federal employee respondents on this basis as well.

### D. Petitioner is Not Entitled to a Hearing on the Petition

Petitioner requested a hearing before me on December 20, 2023. *Doc. 17*. Although Rule 27 mentions a hearing on a petition to perpetuate testimony, it does not explicitly require that the court hold such a hearing. *See generally* Fed. R. Civ. P. 27. In addition, the Ninth Circuit has held that because a Rule 27 petition is "more akin to a motion than to an 'action' commenced under [Federal] Rules 1 and 2," a district court does not err by declining to hold a hearing on the petition. *State of Nev. v. O'Leary*, 63 F.3d 932, 934 (9th Cir. 1995). In the instant proceeding, both sides were given ample opportunity to present their arguments through both a response and a reply. Given those arguments and the state of the law, a hearing is unnecessary.

IV.    CONCLUSION

Based on the foregoing reasons, I RECOMMEND that the Court deny the Petition.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**