**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THOMAS WORKMAN,

Petitioner,

v.

Case No. 1:23-mc-00030-MIS-GBW

UNITED STATES POSTAL SERVICE, et al.,

Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, DENYING VERIFIED PETITION TO PERPETUATE TESTIMONY, AND CLOSING CASE**

**THIS MATTER** is before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Chief United States Magistrate Judge Gregory B. Wormuth, issued January 12, 2024, ECF No. 20, recommending that the Court deny Petitioner Thomas Workman's Verified Petition to Perpetuate Testimony, ECF No. 1. Petitioner filed Objections on January 25, 2024, ECF No. 21, to which Respondents[1] did not respond. Upon review of the PFRD, Objections, the record, and the relevant law, the Court **ADOPTS** the PFRD and **DENIES** the Verified Petition to Perpetuate Testimony.

## I. Background

Because Petitioner does not object to Judge Wormuth's recitation of the relevant facts, the Court repeats it here for consistency.

> Petitioner filed his Verified Petition to Perpetuate Testimony pursuant to Fed. R. Civ. P. 27 on September 7, 2023. Doc. 1. Petitioner states that he is the owner of property which contained a residence and a structure that was leased to the United States Postal Service ("USPS") and used as a post office. Id. at 2. On February 14, 2023, a fire occurred which destroyed both the residence and the post office and

[1] The Respondents named in the Petition are: the United States Postal Service ("USPS"); USPS employees Jasmine Martinez, Rufina Sanchez, a/k/a Perla Sanchez; Yvonne Thompson; and Gilbert Candelaria; and Fire Marshal of Santa Fe County, Robert Salas.

> allegedly resulted in damages to Petitioner in excess of one million dollars. Id. at 2, 4. Petitioner now requests that the Court grant him permission to depose four individuals who formerly worked at the post office located on Petitioner's property. Id. at 7-9. Three of these individuals, Jasmine Martinez, Rufina Sanchez (also known as Perla Sanchez), and Yvonne Thompson, reportedly still work for USPS, see doc. 9 at 1, while one of them, Gilbert Candelaria, is no longer employed by USPS, see doc. 10 at 1. Initially, Petitioner also requested permission to depose Robert Salas, a fire marshal for Santa Fe County, but Petitioner withdrew this request on November 30, 2023. Doc. 13.
>
> On November 13, 2023, Respondents United States Postal Service and Gilbert Candelaria each filed a Response to the Petition. See docs. 9, 10. Both Respondents argue that the Petition does not meet the requirements to perpetuate testimony set forth by the Federal Rules. Doc. 9 at 3-6; doc. 10 at 1. Respondent USPS further argues that Petitioner has not followed the law regarding requesting testimony from federal employees outside of a lawsuit. Doc. 9 at 6-11. On November 16, 2023, I ordered Petitioner to file a reply, which he did on December 14, 2023. See doc. 16. Also on December 14, 2023, Petitioner filed an Amended Verified Petition to Perpetuate Testimony. Doc. 15. Petitioner asked the Court to set a hearing in this matter on December 20, 2023. Doc. 17. On December 28, 2023, Respondent USPS filed a response to Petitioner's Amended Petition.[2] Doc. 18.

ECF No. 20 at 1-3 (footnote in original).

On January 12, 2024, Judge Wormuth issued his PFRD. See generally id. Judge Wormuth initially recommended that the Court should not consider Petitioner's Amended Petition because Rule 15(a), which permits a party to amend a "pleading," does not apply to Rule 27 petitions, and Petitioner "provides no authority in either the Federal Rules or the case law for the premise that a petitioner may amend his Rule 27 petition." Id. at 4-5. Judge Wormuth further found that even if the Court chooses to consider the Amended Petition, it should be denied for the same reasons he recommends denying the original Petition. Id. at 5. As to the merits of Petitioner's original Petition, Judge Wormuth found that Petitioner failed to meet the Rule 27 requirements of showing

[2] Petitioner's reply was due on January 11, 2024, but no reply was filed. On January 9, 2024, Petitioner filed a Notice of Intent to File a Reply to United States of America's Response to Petitioner's Amended Verified Petition (doc. 19), but he did not move the Court to extend his deadline in which to reply. To the extent that Petitioner wishes to make additional arguments, he may include them in his objections to these Proposed Findings and Recommended Disposition.

that (1) "he is unable to bring an action cognizable in a United States court at the present time[,]" id., see also id. at 5-7, and (2) "there is a risk that the testimony Petitioner seeks will be lost if not taken immediately[,]" id. at 5, see also id. at 7-8. Judge Wormuth further found that the Petition could alternatively be denied as to the federal employee Respondents because Petitioner failed to comply with 39 C.F.R. § 265.12, which provides requirements for obtaining information and testimony from federal agencies (hereafter "Touhy regulations").[3] Id. at 8-11. Finally, Judge Wormuth found that Petitioner was not entitled to a hearing on the Petition. Id. at 11.

On January 25, 2024, Petitioner filed his Objections, ECF No. 21, to which Respondents did not respond.

## II. Legal Standards

### a. Objections to PFRD

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(B), a district court may refer a dispositive matter to a magistrate judge for a recommended disposition. "The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); see also 28 U.S.C. § 636(b)(1)(B) (providing that a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive matters). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been

[3] United States ex. rel. Touhy v. Ragen, 340 U.S. 462 (1951).

properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

> "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," Thomas v. Arn, 474 U.S. 140, 147, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985), and gives the district court an opportunity "to correct any errors immediately," United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981); see also Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993). Thus, the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency. See Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986) (holding that party's failure to file timely objections to magistrate judge's ruling "frustrated the policy behind the Magistrate's Act, i.e., to relieve courts of unnecessary work and to improve access to the courts"); accord Walters, 638 F.2d at 949 ("[T]he fundamental congressional policy underlying the Magistrate's Act [is] to improve access to the federal courts and aid the efficient administration of justice....").

United States v. One Parcel of Real Prop., with Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996). "To further advance the policies behind the Magistrate's Act," the Tenth Circuit has "adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" Id. (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).

**b. Petition to Perpetuate Testimony**

Rule 27 provides a vehicle for a person to perpetuate testimony prior to an anticipated, but not-yet-filed, federal lawsuit. Fed. R. Civ. P. 27(a). The petition must show:

> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> **(B)** the subject matter of the expected action and the petitioner's interest;

**(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

**(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

**(E)** the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). "If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Fed. R. Civ. P. 27(a)(3).

Although the Tenth Circuit Court of Appeals has apparently not interpreted Rule 27 in any depth, it is well-settled that "Rule 27 is not a substitute for discovery." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). Rather, it applies "to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately . . . . Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time." Id. at 911 (quoting In re Ferkauf, 3 F.R.D. 89, 91 (S.D.N.Y. 1943)). "Rule 27 is not . . . designed as a means of ascertaining facts for drafting a complaint." In re Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 485 (4th Cir. 1999) (citations omitted). "A petitioner must know the substance of the evidence it seeks before it can invoke Rule 27 perpetuation." Id. at 486 (citations omitted).

## III. Discussion

Petitioner seemingly objects to every sentence of Judge Wormuth's PFRD. See generally ECF No. 21. Broadly, he argues that the PFRD: (1) erroneously relies on In re Youngers, Case No. 22-mc-0030 KG, 2022 WL 16948763, at *2 (D.N.M. Nov. 15, 2022), ECF No. 21 ¶ 16; (2) erroneously concludes that amendments to a Rule 27 petition are not permitted, id. ¶¶ 17-21; (3)

erroneously finds that the Amended Petition fails to correct the deficiencies of the original Petition, id. ¶¶ 22-28; (4) erroneously finds that the original Petition does not meet the requirements of Rule 27, id. ¶¶ 30-34, 45-46; and (5) erroneously finds that Petitioner failed to comply with the Touhy regulations, id. ¶¶ 29, 47-60.  He further argues that there is new evidence supporting his assertion that deposing Respondents is necessary to prevent loss of testimony that was not presented to Judge Wormuth.  Id. ¶¶ 35-44 (citing Dep. Tr. of David Lewton (Jan. 5, 2024), ECF No. 21-1).  Finally, he argues that adopting the PFRD would lead to an "absurd result[,]" id. ¶ 66, and would "permit the postal service to interpose roadblocks to legitimate efforts to obtain unique testimony from postal employees whose testimony is being actively and overtly blocked by the government, and would also serve to impede lawful insurance investigations, leading to uncertainty and an inability to resolve issues relating to a significant loss to a property owner arising out of the operation of a government business[,]" id. ¶ 67.

    **a.  In re Youngers**

In the PFRD, Judge Wormuth cited In re Youngers, 2022 WL 16948763, at *1-2, for two principles: (1) "Rule 27 is not an opportunity to conduct pre-suit discovery in order 'to determine whether a cause of action exists[,] and, if so, against whom action should be instituted[,]'" ECF No. 20 at 3-4; see also id. at 6 (citing In re Youngers for the principle that a Rule 27 petition "may not be used to determine whether Petitioner has a viable claim against Respondents"); and (2) "a 'general allegation that a witness' memory may deteriorate is not sufficient to satisfy Rule 27's requirement for a petitioner to demonstrate an immediate need to perpetuate testimony[,]'" id. at 4; see also id. at 4, 8 n.3.

In his Objections, Petitioner argues that In re Youngers is distinguishable on the facts and, therefore, Judge Wormuth's "application of Youngers for purposes of seeking to deny relief to Petitioner herein is thus an error of law." ECF No. 21 ¶ 16.

Upon de novo review, the Court overrules the objection. Petitioner cites no contrary authority holding that (1) Rule 27 may be used to conduct pre-suit discovery in order to determine whether a cause of action exists and, if so, against whom it should be instituted, or (2) a general allegation that a witness' memory may deteriorate is sufficient to satisfy Rule 27's requirement that the petitioner demonstrate an immediate need to perpetuate testimony. Petitioner's failure to cite authority supporting his position "suggests either that there is no authority to sustain [his] position or that it expects the court to do [his] research." Rapid Transit Lines, Inc. v. Wichita Devs., Inc., 435 F.2d 850, 852 (10th Cir. 1970). The Court declines the invitation. See id.

The Court notes, however, that apparently all of the relevant authority is in accord with the findings for which Judge Wormuth cited In re Youngers. See, e.g., Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995) (holding that an allegation that the respondent is retired and with the passage of time his ability to recall relevant facts and testify completely may be impaired "is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony"); Ash, 512 F.2d at 913 (holding that "[a]lthough age may be a relevant factor in showing that testimony must be perpetuated to avoid loss," the petitioner's "conclusory remarks" that the respondents are "over fifty years of age" and "[m]emories may fade" failed to "show that evidence is likely to be lost"); In re Deiulemar Compagnia Di Navigazione S.p.A., 198 F.3d at 485 ("Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint.") (citations omitted); Pac. Indem. Co., Civ. No. 13-375 MV/ACT, 2013 WL 12329778, at *4 (D.N.M. July 15,

2013) (same); In re Solorio, 192 F.R.D. 709, 709-10 (D. Utah 2000) (denying Rule 27 petition asking for pre-suit discovery because the petitioner needed to "establish certain facts necessary to make a complete administrative claim"); In re Gary Constr., Inc., 96 F.R.D. 432, 433 (D. Colo. 1983) ("Rule 27(a) proceedings are not intended as a means of discovery to ascertain facts for use in framing a complaint.") (citations omitted) In re Ferkauf, 3 F.R.D. at 91 (explaining that a member of the Federal Rules Advisory Committee explained at a 1938 meeting of the American Bar Association that Rule 27 was not intended to permit a person who is "presently unable to bring the action because he doesn't know enough facts to draw his complaint" to engage in pre-suit discovery).

**b. Amended Rule 27 Petition**

Next, Judge Wormuth recommends that the Court should consider only the original Verified Petition, not the Amended Petition. ECF No. 20 at 4-5. He reasons that although Petitioner argues that Rule 15(a) permits a party to amend its pleadings once as a matter of course, Rule 15 "applies to pleadings brought pursuant to Rules 3 and 12, not to petitions brought pursuant to Rule 27." Id.

Petitioner objects to this recommendation, arguing that the PFRD "does not provide any law, rule, or regulation which precludes the filing of an amended Rule 27 Petition where additional facts are obtained following the filing of an original Petition, nor any law, rule, or regulation which limits a person to the filing of only one Rule 27 Petition." ECF No. 21 ¶ 17.

Upon de novo review, the Court overrules the objection. Rule 15(a) provides, in relevant part:

> **(a) Amendments Before Trial.**
>
> **(1)** ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course no later than:

> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, Petitioner filed the Amended Petition on December 14, 2023—more than 21 days after serving his original Petition (on September 7, 2023), and more than 21 days after Respondents served their Response to the original Petition (on November 13, 2023). Therefore, Petitioner was not entitled to file the Amended Petition as a matter of course under Rule 15(a)(1). Furthermore, the Amended Petition does not indicate that Respondents gave written consent for Petitioner to file an Amended Petition, and Petitioner did not seek or receive the Court's leave to file an Amended Petition.[4] Therefore, Petitioner was not entitled to file an Amended Petition under Rule 15(a)(2). Consequently, even assuming arguendo Rule 15(a) applies to Rule 27 petitions, Petitioner failed to comply with the mandates of Rule 15(a).

Because the Court adopts Judge Wormuth's recommendation that the Court consider only the original Verified Petition, the Court need not address Petitioner's objection to Judge Wormuth's alternative finding that the Amended Petition fails to correct the deficiencies of the original Petition. See ECF No. 21 ¶¶ 22-28.

[4] Even if Petitioner had moved the Court for leave to file an amended petition, the Court would find that justice does not require granting leave to file an amended petition for the reasons discussed in this Order and Judge Wormuth's PFRD—and in particular, the fact that Petitioner will have an opportunity to depose Respondents after he files his lawsuit(s).

**c. Rule 27 Requirements**

Next, Judge Wormuth found that the Petition fails to satisfy the Rule 27 requirements that Petitioner show that: (1) he is unable to bring an action cognizable in a United States court at the present time; and (2) there is a risk that the testimony Petitioner seeks will be lost if not taken immediately. ECF No. 20 at 5-8. As to being unable to bring an action at the present time, Judge Wormuth found:

> Petitioner provides no reasonable explanation, in accordance with Rule 27(a)(1)(A), for why he is unable to bring his lawsuit now and avoid taking pre-trial depositions. Petitioner's only explanation for why he is "presently unable to bring" the lawsuit is that the "ongoing investigation into the cause and origination of the fire[,] those who may be responsible parties for the fire and consequent damage[,] and the manner in which USPS operated the facility" is "incomplete." Doc. 1 at 5-6. However, information regarding the cause and circumstances of the fire is precisely the kind of information that should be sought during the discovery phase of a lawsuit. As noted, a Rule 27 petition is not a "substitute" for discovery, Ash, 512 F.2d at 912, and it may not be used to determine whether Petitioner has a viable claim against Respondents, Matter of Youngers, 2022 WL 16948763, at *1.

Id. at 6. Judge Wormuth found that the Court is not bound to accept as true the Petition's conclusory statement that Petitioner is unable to bring a lawsuit at this time. Id. at 6-7 & n.2.

As to the risk that the testimony sought will be lost if not taken immediately, Judge Wormuth found:

> Courts have found that testimony is likely to be lost when the deponents are at risk of imminent death or are expected to leave the country. See In re Lopez, 2010 WL 2802541, at *1 (D. Colo. July 15, 2010) (collecting cases); see also Matter of Youngers, 2022 WL 16948763, at *4 (granting a petition to perpetuate testimony in part because the deponents were likely to be deported out of the United States before the petitioner could depose them in a lawsuit). Petitioner states that the purpose of his Petition is to "establish facts as to the origin and possible causes of the fire" and to "be[] able to seek relief against all responsible parties . . . with a good-faith evidentiary basis." Doc. 1 at 6. The ability to collect information and to seek relief against responsible parties are the purposes of every lawsuit and certainly do not qualify as "special circumstances to preserve testimony which could otherwise be lost."

Id. at 7-8 (quoting Ash, 512 F.2d at 912). Judge Wormuth further found that the Court is not bound to accept as true Petitioner's claim that the testimony is in danger of being lost. Id. at 8.

Petitioner objects to Judge Wormuth's findings that the Petition fails to satisfy Rule 27's requirements. ECF No. 21 ¶¶ 25-28, 30-34. He appears to argue that a Rule 27 Petition need only allege that the petitioner is unable to bring an action cognizable in a United States court at the present time, and that there is a risk that the testimony petitioner seeks will be lost if not taken immediately. See id. ¶¶ 25-26, 28. He appears to argue that Rule 27 imposes no requirement that the explanations for why he is unable to bring an action at the present time, and why there is a risk that the testimony be lost, be "adequate" or "reasonable," and that the Court must accept the petitioner's explanation because it is part of a verified petition. Id.

Upon de novo review, the Court overrules the objection. To begin with, Petitioner fails to cite any authority holding that a court must blindly accept a Rule 27 petition's explanation as to why the petitioner is unable to bring an action at the present time, and why there is a risk that the testimony will be lost if not taken immediately. As previously stated, Petitioner's failure to cite authority supporting his position "suggests either that there is no authority to sustain [his] position or that it expects the court to do [his] research." Rapid Transit Lines, 435 F.2d at 852. The Court again declines the invitation. See id.

In any event, the Rule requires that the petition "show" that the petitioner "cannot presently bring" the lawsuit, not merely "allege" that he cannot. Fed. R. Civ. P. 27(a)(1)(A). Here, the Petitioner merely alleges that he "is presently unable to bring it or cause it to be brought in view of the incomplete nature of the ongoing investigation into the cause and origination of the fire; those who may be responsible parties for the fire and consequent damage; and the manner in which USPS operated the facility." ECF No. 1 at 5-6. This is precisely the type of "fishing expedition"

that courts routinely find to be inappropriate for a Rule 27 petition. In re Solorio, 192 F.R.D. at 709-10 (denying, as an inappropriate "fishing expedition," a Rule 27 petition seeking to "establish certain facts necessary to make a complete administrative claim" because "[i]t is commonly held that Rule 27 was 'not intended as a means of discovery to ascertain facts for the use in framing a complaint'") (quoting In re Gary Constr., 96 F.R.D. at 433) (denying Rule 27 petition because "the petitioners' attempted invocation of Rule 27 is simply an attempt to conduct discovery before filing suit[,]" not "to perpetuate testimony or 'to prevent a failure or delay of justice'"). See also In re Deiulemar Compagnia Di Navigazione, 198 F.3d at 485 ("Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint.") (citations omitted); Pac. Indem. Co., 2013 WL 12329778, at *4 (same); In re Ford, 170 F.R.D. 504, 507 (M.D. Ala. 1997) (denying Rule 27 petition where the petitioner was seeking "to discover or uncover testimony, not to perpetuate it" and seeking "pre-complaint discovery of evidence, not pre-complaint perpetuation of it"). The Court finds that Petitioner has failed to show that he cannot presently bring the anticipated lawsuit(s).

The Court further finds that Petitioner has failed to show that there is a risk that the testimony will be lost if not taken immediately. The Objections cite only one paragraph from the original Petition in support of the argument that there is a risk the testimony will be lost if not taken immediately:

> [A]s of June 9, 2023, Respondent USPS took the position, in writing, that asbestos was in the walls of the facility (copy of letter attached).[5] Greg Shelton of the Denver regional office of Respondent USPS demanded that Petitioner destroy the letter and threatened to cancel the lease agreement if Petitioner did not agree to sign a new lease for a larger building and that Petitioner pay for the cost thereof. Petitioner declined to destroy the letter and also declined to build another structure at his own cost. Respondent USPS cancelled the lease.

---

[5] Petitioner did not attach a copy of the letter to the original or Amended Petition.

ECF No. 21 ¶ 45 (quoting ECF No. 1 ¶ 9). The Court finds that the fact that Mr. Shelton demanded that Petitioner destroy a letter indicating that there was asbestos in the walls of the facility does not show that Respondents' testimony will be lost if not taken immediately.

The Objections cite the following two additional paragraphs from the Amended Petition as proof that there is a risk the testimony will be lost if not taken immediately:

> 25. Since the fire, Respondents Jasmine Martinez and Perla Sanchez have been transferred to another Post Office in a different city in New Mexico. Given that and the passage of time, their unique testimony is in danger of being lost and thus justice for Petitioner being delayed or denied absent an Order granting this Petition and the taking of the sworn statements of the Respondents at this time.
>
> 26. As Rio Arriba County is demanding that Petitioner clean up the site and debris field, there is a danger of this evidence being lost without it being examined by the two USPS employee Respondents (Jasmine Martinez and Perla Sanchez) as part of their sworn statements being taken, as was done with the taking of the sworn statement of Mr. Salas.

ECF No. 21 ¶ 27 (quoting ECF No. 15 ¶¶ 25-26). However, the Court has already declined to consider the Amended Petition. See Section III(b), supra. Even if the Court were to consider the Amended Petition, the Court finds that it fails to show that there is a risk that the testimony might be lost if not taken immediately. First, "the passage of time" does not, by itself, establish that the testimony might be lost. See Penn Mut. Life Ins. Co., 68 F.3d at 1374-75 (holding that an allegation that the respondent is retired and with the "passage of time" his ability to recall relevant facts and testify completely may be impaired "is not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony"); Ash, 512 F.2d at 913 (holding that "[a]lthough age may be a relevant factor in showing that testimony must be perpetuated to avoid loss," the petitioner's "conclusory remarks" that the respondents are "over fifty years of age" and "[m]emories may fade" failed to "show that evidence is likely to be lost").

Second, "Petitioner does not allege, nor has he made any representation which would permit the court to find, that the [Respondents] will be unavailable after the complaint is filed." Biddulph v. United States, 239 F.R.D. 291, 292 (D.D.C. 2007). Third, as Judge Wormuth noted, "Petitioner owns the property. He may collect as much evidence from the site as he would like without a Rule 27 petition." ECF No. 20 at 8 n.3.

Finally, Petitioner argues that evidence obtained since he filed the original Petition—and specifically, the "sworn statement/deposition" of insurance investigator, David Lewton, taken January 5, 2024—establishes that there is a risk that the testimony may be lost absent a court order. ECF No. 21 ¶¶ 35-44. Briefly, Mr. Lewton testified that although he

> intended to take statements of the postal employees who were present when the fire broke out, he was never able to speak to anyone at the post office as he received a telephone call while in his car from a woman who identified herself as a United States Attorney who "forbade us from talking to any of the postal employees" (Depo, page 35, lines 2-21), and that "they did not want me talking to – or trying to take a statement from any postal employees concerning the circumstances of the fire."

Id. ¶ 39 (citing Dep. Tr. of David Lewton (Jan. 5, 2024), ECF No. 21-1 at 35:2-21); see also id. ¶¶ 40-43.

"When reviewing an objection to the magistrate judge's recommendation, '[t]he [district court] judge may . . . receive further evidence or recommit the matter to the magistrate judge with instructions.'" Gonzales v. Qwest Commc'ns Corp., 160 F. App'x 688, 690 (10th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). "The decision whether to accept further evidence after the magistrate judge's recommendation is therefore within the district court judge's discretion." Id. (citing Doe v. Chao, 306 F.3d 170, 183 n.9 (4th Cir. 2002)).

Even if the Court were to consider Mr. Lewton's testimony, it does not show that the testimony Petitioner seeks is at risk of being lost if not taken immediately. If it shows anything, it is that Petitioner will have to wait until after he files his lawsuit(s) to depose Respondents.

Because Petitioner will have an opportunity to depose Respondents after he files his lawsuit(s), the Court further finds that adopting Judge Wormuth's PFRD will not lead to an absurd result.

For these reasons, the Court finds that the Petition fails to satisfy Rule 27's requirements. Because the Court finds that Petitioner has failed to satisfy Rule 27's requirements, the Petition must be denied, and the Court need not address Petitioner's objections to Judge Wormuth's finding that the Petition could alternatively be denied as to the federal employee Respondents because Petitioner failed to comply with the Touhy regulations.

**d. Hearing**

Finally, Judge Wormuth denied Petitioner's request for a hearing on the Petition, finding that Rule 27 "does not explicitly require that the court hold such a hearing[,]" ECF No. 20 at 11 (citing Fed. R. Civ. P. 27), "a district court does not err by declining to hold a hearing on the petition[,]" id. (citing Nevada v. O'Leary, 63 F.3d 932, 934 (9th Cir. 1995)), and that a hearing is unnecessary because "both sides were given ample opportunity to present their arguments through both a response and a reply[,]" id.

In his Objections, Petitioner argues that a hearing is warranted "[g]iven the additional evidence submitted herewith" and because "this is a case of first impression[.]" ECF No. 21 ¶ 61. He also distinguishes O'Leary on the facts and argues that the PFRD's "reliance on O'Leary as a basis to deny Petitioner a hearing is thus an error of law." Id. ¶ 63. He further notes that Rule

27(a)(2) "specifically contemplates a hearing and specifies the manner of notice thereof . . . ." Id. ¶ 64.

Upon de novo review, the Court overrules the objection. First, Petitioner cites no authority holding that the Court must hold a hearing on a Rule 27 petition. As previously stated, Petitioner's failure to cite authority supporting his position "suggests either that there is no authority to sustain [his] position or that it expects the court to do [his] research." Rapid Transit Lines, 435 F.2d at 852. The Court again declines the invitation. See id.

Second, the only authority on this issue that has been presented to the Court—O'Leary—supports Judge Wormuth's finding that Petitioner is not entitled to a hearing. As in O'Leary, Petitioner has not asserted that the Court lacks any relevant information, or that he was prevented from presenting any argument or evidence. 63 F.3d at 934. Although Petitioner claims in his Objections that a hearing is warranted "[g]iven the additional evidence submitted herewith," ECF No. 21 ¶ 61—i.e., the deposition testimony of David Lewton—he provided the Court with the entire transcript of Mr. Lewton's deposition testimony, ECF No. 21-1, and the Objections cite to all of the relevant testimony, ECF No. 21 ¶¶ 35-44. Nor does Petitioner allege any procedural irregularities that would require "still more district court consideration." O'Leary, 63 F.3d at 934. Under these circumstances, the Court denies Petitioner's request for a hearing. See id.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Proposed Findings and Recommended Disposition issued by Chief U.S. Magistrate Judge Gregory B. Wormuth on January 12, 2024, ECF No. 20, is **ADOPTED** consistent with this Order;

2. The Verified Petition to Perpetuate Testimony filed by Petitioner Thomas Workman on September 7, 2023, ECF No. 1, is **DENIED**;

3. All pending motions are **DENIED AS MOOT**; and

4. This case is now **CLOSED**.

                                                                             **MARGARET STRICKLAND**
                                                                             UNITED STATES DISTRICT JUDGE